924 F.2d 106
 Elliott C. CUNNINGHAM, Plaintiff-Appellant,
v.
SOUTHLAKE CENTER FOR MENTAL HEALTH, INC., an Indiana
not-for-profit corporation, Lee C. Strawhun, president of
Southlake Center for Mental Health, Inc., County of Lake and
Jeff Miller, individually and in his capacity as warden of
the Lake County Jail, Defendants-Appellees.
 No. 89-3174.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 14, 1990.
Decided Jan. 25, 1991.
 
 Ivan E. Bodensteiner, Valparaiso, Ind., for Elliott Cunningham.
 Steven A. Johnson, Spangler, Johnson & Associates, Merrillville, Ind., Thomas Greenberg, Walker, Felming, Corbin & Greenberg, Merrillville, Ind., for Southlake Center for Mental Health, Inc. and Lee C. Strawhun.
 John S. Dull, Crown Point, Ind., Mark A. Psimos, Merrillville, Ind., for County of Lake.
 Charles H. Graddick, Gary, Ind., for Jeff Miller.
 Before CUDAHY, POSNER and FLAUM, Circuit Judges.
 CUDAHY, Circuit Judge.
 
 
 1
 Elliott Cunningham was hired by Southlake Center for Mental Health, Inc. (Southlake), in 1985 to work as a counselor in the Lake County Jail. Southlake had contracted to provide mental health services for the jail as the result of a consent decree in an unrelated case. By the contract's terms, Southlake retained the exclusive authority to direct, supervise, control and manage its personnel working in the jail. In early 1986, a problem of food theft by non-inmates prompted Jeff Miller, warden of the jail, to circulate a notice warning that such behavior must cease. Apparently it did not, however, for in June, Miller wrote to Southlake that he had reason to believe its employee Cunningham had consumed inmate food, and that he hoped some disciplinary action would be taken. Southlake immediately removed Cunningham from the facility. Sometime later the warden warned Southlake he would not permit Cunningham to return to the jail. Two weeks after Miller sent his letter, Cunningham was discharged. The reason given for the discharge was Cunningham's alleged consumption of inmate food.
 
 
 2
 Cunningham testified that, while these events took place, he was receiving complaints from female inmates at the jail, stating that they were given preferential treatment in return for sexual favors provided to jail personnel. He further alleged that he reported these complaints on several occasions--both before and after Miller's accusation--to his supervisors, but they refused to act. Such a refusal would not be surprising, given his testimony that his supervisors were implicated in the complaints. Following his termination and subsequent hearing before Southlake's president, Lee Strawhun, Cunningham filed this action under 42 U.S.C. section 1983, claiming that he was fired for speaking out about this matter of public concern, in violation of his first amendment rights. He named Southlake, Strawhun, Lake County Jail and Miller as defendants. The case went to trial, but after two days, Judge Rodovich directed a verdict for the defendants. Cunningham appeals that decision.
 
 
 3
 Our summary resolves all reasonable questions of fact in plaintiff's favor, as we are required to do. The question remains whether Cunningham has presented a triable issue. To prove a section 1983 violation, a plaintiff faces two hurdles, one of which Judge Rodovich found insurmountable in this case. Cunningham must show (1) an action taken under color of state law (2) which violates his federal constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Judge Rodovich found that the plaintiff had not presented a jury question on the issue of "action taken under color of state law." We agree.
 
 
 4
 Typically, a section 1983 violation occurs when the state or one of its agents violates a plaintiff's constitutional rights. When a private actor is implicated, the section 1983 plaintiff may nevertheless prevail if he shows sufficient state involvement in the action in question to trigger constitutional protections. National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 192, 109 S.Ct. 454, 462, 102 L.Ed.2d 469 (1988). Because Southlake, rather than Lake County Jail, employed and terminated Cunningham, he must argue that there was sufficient state involvement. Cunningham presses two accepted theories for showing action taken under color of state law--"joint action" and a delegation of the state's authority to a private actor. We find that the evidence in this case supports neither theory.
 
 
 5
 First, Cunningham argues that the "joint action" theory, articulated in cases like Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), allows him to reach the jury. Dennis held that a private defendant acts under color of state law when he is "a willful participant in joint action with the State or its agents." Id.; Malak v. Associated Physicians, Inc., 784 F.2d 277, 281 (7th Cir.1986).
 
 
 6
 A charge of joint action amounts to alleging some agreement between private and public actors to violate plaintiff's constitutional rights. See Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir.1985) ("In order to establish a conspiracy, the plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights."); Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983) ("To prove a conspiracy between private parties and the government under Sec. 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown.") (citations omitted). A requirement of the joint action charge therefore is that both public and private actors share a common, unconstitutional goal. In examining the joint action claim, then, we cannot ignore the constitutional injury alleged in the second element of plaintiff's section 1983 case. Where that injury can only result from a particular motive animating the defendant--here, the desire to remove Cunningham because of his choice to speak out--the state actor (Warden Miller in this case) must himself possess the required motivation.
 
 
 7
 Nor do we view such a requirement as unduly stringent. Section 1983 allows a private actor to be sued as if it were the state itself, and in the case of joint action, makes the state a potential defendant as well. Malak, 784 F.2d 277 (public and private entities sued under section 1983). A private actor thus cannot unilaterally convert a state actor's legitimate activity into an illegal act, conferring both constitutional accountability on itself and liability on the state. To decide otherwise would be to "impos[e] on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." Lugar v. Edmondson Oil Co., 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1981).
 
 
 8
 Cunningham's constitutional complaint alleges that these defendants terminated him in retaliation for his speech about the sexual abuse at the jail. Accordingly, he must prove that each of the joint actors was in some part motivated by this unconstitutional purpose. Yet Cunningham was able to present evidence only of unilateral wrongful action by Southlake. There was no evidence, nor does Cunningham contend on appeal, that any government employees knew of the sexual abuse disclosures.[1] Without evidence that Miller knew of the complaints, Cunningham has given the jury no foundation for a finding that public actors retaliated against him unconstitutionally. The most that he can prove is that Southlake fired him in retaliation for speaking out, using Miller's good faith request as a pretext.
 
 
 9
 In Gramenos v. Jewel Cos., 797 F.2d 432, 435 (7th Cir.1986), cert. denied, 481 U.S. 1028, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987), this court affirmed summary judgment for defendants in a section 1983 action for false arrest. There, despite numerous depositions and other opportunities, plaintiff was unable to "pierce" defendants' denials of any agreement between police and private actors. Id. Similarly in this case, plaintiff has had ample opportunity, yet offered no evidence of any illegal intention on Miller's part. Even with the later disclosure of a sex scandal at the prison, plaintiff could not link the jail to any other retaliatory discharges. "A party may not cry 'conspiracy' and throw himself on the jury's mercy." Id. at 436. A jury verdict holding for the plaintiff would necessarily be overturned.
 
 
 10
 Plaintiff is not helped by our holding in Malak. There we reversed summary judgment for defendants in a similar retaliation claim under section 1983. Unlike this case, however, the plaintiff in Malak had evidence implicating the state actor in the scheme to retaliate for his public criticisms of the involved hospital. 784 F.2d at 281-82 (plaintiff and two third parties testified that public and private actors decided together to discharge him, and agreed to try to make termination appear legitimate). Here, the evidence upon which plaintiff relies most heavily--various indications that Miller wanted Cunningham terminated, not just disciplined--is not enough under our analysis. Like Judge Rodovich, we accept that Miller refused Cunningham further access to Lake County Jail. Nevertheless, this fact alone, predicated on a legitimate complaint with Cunningham's work, is simply not enough to impose section 1983 liability on either the public or private defendants.[2]
 
 
 11
 Joint action failing, plaintiff urges a second theory of state action for section 1983 purposes, based on the recent Supreme Court decision in West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). That theory allows the plaintiff to sue private parties under section 1983 where the state "delegates its authority to the private actor...." Tarkanian, 488 U.S. at 192, 109 S.Ct. at 462 (citing West ). West found action taken under color of state law when "a physician employed by [the state] to provide medical services to state prison inmates ... undert[ook] his duties in treating petitioner's injuries." West, 487 U.S. at 54, 108 S.Ct. at 2258.
 
 
 12
 Cunningham ignores one glaring distinction between his case and West. The plaintiff in West was an inmate of the facility at which defendant practiced. Here, plaintiff is an employee of defendant. The rationale behind the decision in West--that an inmate must rely entirely on prison authorities to treat his medical needs--is simply inapposite here. Cunningham has no forced dependence on the state for his health and well being. An inmate realistically views his provided physician as an extension of the state. Without more than the mere fact that his employer places him for work in a government facility, Cunningham cannot legitimately claim the same view of his employer.
 
 
 13
 The consent decree does not affect the analysis. That decree did not limit Cunningham's employment opportunities to jobs with Southlake, as the plaintiff in West was limited by the state to the health care it provided. Accepting plaintiff's theory would mean that West deemed all government contractors to be state actors for purposes of their employment decisions. We do not believe the Supreme Court intended to paint with such a broad brush.
 
 
 14
 Even though Judge Rodovich gave the plaintiff an opportunity to present his case, the plaintiff failed to prove the defendants' liability under section 1983. Therefore, the judgment of the district court is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 At oral argument, counsel for plaintiff did suggest that Dopson, one of plaintiff's superiors at Southlake, told plaintiff he would alert Miller to the accusations. This fact was not argued in plaintiff's brief however, and the only evidence we find in the record is plaintiff's own testimony to this effect. That alone, without even a statement by plaintiff that Dopson did in fact go to Miller, is insufficient to create a jury question
 
 
 [2]
 Similarly, there is something hollow about plaintiff's complaints that Miller unfairly testified against him at the hearing before Strawhun and that Miller should have alerted Strawhun to an infraction by the jail employee who informed of plaintiff's food transgressions. Miller may have made a hasty or underinformed decision with respect to Cunningham's involvement in the food scandal, but that does not elevate his actions to constitutional violations