62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Maurice L. HUDGINS, Plaintiff-Appellant,
v.
Charles B. MILLER, Robin Koopman, Jim Johnson, Fred Rice,
Three Rivers Aluminum Company and its subsidiary,
Traco, Defendants-Appellees.
 No. 94-1994.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.*
Decided Aug. 2, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Maurice L. Hudgins, while an inmate at the Correctional Industrial Complex ("CIC") in Pendleton, Indiana, filed a pro se complaint under 42 U.S.C. Sec. 1983 against various officials at CIC, and a window manufacturing company and its subsidiary.[1] Hudgins alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in a cell with a window which, when released, would slam shut, and by failing to provide prompt medical attention after the window "slammed" on Hudgins' finger. Hudgins subsequently amended his complaint to include state law tort claims against all defendants. The district court dismissed Hudgins' Sec. 1983 claims against all defendants under Fed.R.Civ.P. 12(b)(6).[2] Since no federal claims remained, the district court declined jurisdiction over the remaining state law claims, finding that it no longer had supplemental jurisdiction under 28 U.S.C. Sec. 1367. This timely appeal follows. We affirm.
 
 Issues
 
 2
 On appeal, Hudgins makes the following claims: (1) the district court erred in dismissing his complaint on the pleadings regarding Koopman; (2) the district court erred in setting aside the entry of default against Three Rivers and TRACO; (3) the district court erred in staying discovery pending its ruling on the defendants' motions to dismiss; and (4) the district court erred in failing to consider evidence submitted by Hudgins in response to the defendants' motions to dismiss.
 
 Discussion
 
 3
 Hudgins first claims that the district court erred in dismissing his Sec. 1983 claim against defendant Koopman. A dismissal under Rule 12(b)(6) is reviewed de novo, assuming the truth of the allegations and making all reasonable inferences in the plaintiff's favor. Bowman v. Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). The district court's determination will be affirmed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Since Hudgins' complaint was filed without counsel, it is entitled to a liberal interpretation. Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, as the Supreme Court has reiterated in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160 (1993), " 'the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " Id. at 1163 (quoting Conley v. Gibson, 355 U.S. at 47).
 
 
 4
 The following allegations are set forth in Hudgins' complaint. On March 1, 1991, Hudgins was placed in a segregation cell at CIC. Because of stomach problems, Hudgins opened the window of his cell for some fresh air. However, as soon as the window was opened, it closed, injuring his right middle finger. Hudgins informed Robin Koopman, Correctional Officer, of his injury. However, at the time, Koopman was busy taking inventory and forgot about Hudgins' injury. Accordingly, she failed to notify her superiors or contact the infirmary. As a result, Hudgins went the entire night without medical attention, suffering extreme pain. Hudgins slept with his finger in a cup of cold water. On March 2, 1991, the day after his injury, Hudgins requested Tylenol from an unnamed correctional officer and showed the officer his swollen hand. The officer notified Hildinger, another correctional officer, of Hudgins' injury. Hudgins was then examined by Officer Hildinger who notified the CIC infirmary of Hudgins' injury. Hudgins was subsequently taken to the Wishard Memorial Hospital in Indianapolis, Indiana. At Wishard, holes were drilled into the fingernail of Hudgins' injured finger to relieve the pressure from swelling. Hudgins' use of his right hand was impaired as a result of the swelling.
 
 
 5
 In order for an inmate to state a claim under Sec. 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference exists when an official knows of and disregards a serious medical condition and the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). Moreover, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Estelle, 429 U.S. at 103-104); Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir.1991).
 
 
 6
 Since Koopman was not deliberately indifferent to Hudgins' medical condition, we need not comment on whether his injury was sufficiently serious to raise Eighth Amendment concerns. Cf. Estelle, 429 U.S. at 103 (unnecessary pain and suffering alone may be sufficiently serious for the purposes of an eighth amendment claim, even where it does not amount to "torture" or "lingering death"); Davis v. Jones, 936 F.2d 971, 982 (7th Cir.1991) (a serious medical condition for Eighth Amendment purposes is one which "may be life threatening or pose a risk of needless pain or lingering disability if not treated at once.") (emphasis added). Hudgins alleges that Koopman was made aware of his injury and that she was deliberately indifferent to Hudgins' medical condition. Without more, we might find that Hudgins has sufficiently alleged deliberate indifference. However, Hudgins has pleaded himself out of court. See Conn. v. GATX Terminals Corp., 18 F.3d 417 (7th Cir.1994). Hudgins' pleadings demonstrate that his claim of "deliberate indifference" is really a claim of negligence--he alleges that Koopman was deliberately indifferent because, when informed of Hudgins' injury, Koopman was busy taking inventory and forgot to report it to the infirmary.
 
 
 7
 Hudgins next claims that the district court erred in setting aside entry of default against Three Rivers and TRACO. Hudgins' amended complaint was filed on January 5, 1993. An "agent" for Three Rivers and TRACO was served with the amended complaint and summons on April 19, 1993. Because Three Rivers and TRACO had not filed a responsive pleading within 20 days after service, Fed.R.Civ.P. 12(a), Hudgins moved for default. Thereafter, on June 4, 1993, the district court directed the Clerk to enter default pursuant Fed.R.Civ.P. 55(a). On July 1, 1993, Hudgins filed a motion requesting default judgment, Fed.R.Civ.P. 55(b)(2). Before the district court ruled on Hudgins' motion, on July 20, 1993, Three Rivers and TRACO filed a motion requesting the district court to set aside entry of default. The district court granted Three Rivers and TRACO's motion to set aside the entry of default:
 
 
 8
 This ruling is made based upon Three Rivers' action in seeking to cure the default, the early stage of the action, the absence of demonstrable prejudice to the plaintiff, the fact that the issue of service of process itself is questionable, the Court's policy of favoring adjudication of the merits of a claim and the plaintiff's feeble theory of recovery.
 
 
 9
 (R. at 66.)
 
 
 10
 A decision to set aside entry of default under Fed.R.Civ.P. 55(c) lies within the sound discretion of the district court and will be reversed only for an abuse of that discretion. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir.1993); Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 250 (7th Cir.1990); Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1322 (7th Cir.1983). See also Fed.R.Civ.P. 55(c) ("For good cause shown the court may set aside an entry of default...."). Entry of default should be set aside if the defendant shows " '(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.' " O'Brien, 998 F.2d at 1401 (quoting United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir.1989)); Breuer Elec. Mfg. Co. v. Toronado Sys. of America, Inc., 687 F.2d 182, 185 (7th Cir.1982).
 
 
 11
 In support of their motion to set aside default, Three Rivers and TRACO stated that they first became aware of Hudgins' lawsuit on July 1, 1993, when Hudgins filed his motion for default judgment. Three Rivers and TRACO explained that on April 19, 1993, service was accepted by an individual who was not an agent of Three Rivers or TRACO.[3] Three Rivers and TRACO supported this claim with the affidavit of Joe Gerek, the corporate secretary and controller for TRACO. Accordingly, the district court did not abuse its discretion in finding that Three Rivers and TRACO had good cause for failing to timely file a responsive pleading.[4]
 
 
 12
 Moreover, Three Rivers and TRACO acted quickly to correct their default--they filed their motion to set aside entry of default on July 20, 1993, only 19 days after they received notice of the lawsuit. Finally, Three Rivers and TRACO had a meritorious defense to Hudgins' federal claim for damages under Sec. 1983 and his state law claim for products liability--they were dismissed by the district court. Generally, a Sec. 1983 violation occurs when a state, or one of its agents, violates a plaintiff's constitutional right. However, "[w]hen a private actor is implicated, the section 1983 plaintiff may nevertheless prevail if he shows sufficient state involvement in the action in question to trigger constitutional protections." Cunningham v. Southlake Center for Mental Health, Inc., 924 F.2d 106, 107 (7th Cir.1991) (citing National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 192 (1988)). Neither Three Rivers nor TRACO are agents of the State of Indiana. The only "involvement" between Indiana and Three Rivers and TRACO alleged is Indiana's purchase of TRACO's windows for installation in the CIC. Hence, the district court found that Hudgins had no Sec. 1983 claim against Three Rivers and TRACO. Without any federal claim, the district court declined supplemental jurisdiction over Hudgins' state law products liability claim against TRACO and Three Rivers. Clearly, the district court did not abuse its discretion in setting aside the entry of default.
 
 
 13
 Hudgins next contends that the district court erred in staying discovery pending its ruling on the defendants' motions to dismiss, arguing that he was deprived of sufficient discovery and therefore was unable to develop facts to support his pleadings. A motion to dismiss under Rule 12(b)(6) tests only the sufficiency of the complaint. Accordingly, when ruling on a motion to dismiss, a district court will assume the truth of all allegations and draw all reasonable inferences in the plaintiff's favor. See Bowman, 908 F.2d at 1107. Since there is no indication that any additional discovery would have revealed information that could have been used to cure the defects in Hudgins' amended complaint, the district court did not err in staying discovery. See Hamilton v. O'Leary, 976 F.2d 341, 347 (7th Cir.1992).
 
 
 14
 Finally, Hudgins argues that the district court erred in dismissing his complaint without considering certain "evidence" mentioned in his response to Johnson and Rice's motion to dismiss. Since the district court was entertaining motions to dismiss under Rule 12(b)(6), evidence supporting Hudgins' pleadings had no relevance to the district court's determination. However, Hudgins is a pro se litigant and it is possible that Hudgins' request to have the court consider this "evidence" was really a request to file a second amended complaint.
 
 
 15
 Pursuant to the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; ... [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates...." Farmer, 114 S.Ct. at 1976 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). In order for an inmate to state a claim that conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment, he must demonstrate that a prison official was deliberately indifferent to the inmate's health or safety. Farmer, 114 S.Ct. at 1979; Wilson v. Seiter, 501 U.S. 294, 297 (1991); Del Raine v. Williford, 32 F.3d 1024, 1036 (7th Cir.1994). As mentioned above, deliberate indifference exists only when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 114 S.Ct. at 1979.
 
 
 16
 In his amended complaint, Hudgins alleges that Johnson and Rice were deliberately indifferent to his safety by failing to properly check and maintain the safety of his cell. However, there is no indication in his pleadings that either Johnson or Rice were aware of the "dangerous" condition of the window in Hudgins' cell. Since Hudgins failed to allege deliberate indifference to a known risk to his safety, Hudgins' amended complaint failed to state a claim under Sec. 1983. The "evidence" Hudgins' points to, an affidavit of Koopman wherein she answered questions about Rice and Johnson, does not cure this defect. As to Rice, Koopman stated that he failed to inspect the window in Hudgins' cell. Regarding Johnson, Koopman testified that the window in Hudgins' cell might have been modified by an inmate maintenance crew working under Johnson's supervision on September 30, 1993, long after Hudgins' injury occurred. Koopman's affidavit does not demonstrate that either Rice or Johnson knew of the purportedly dangerous condition of the window prior to Hudgins' injury. Hence, even if he were allowed to amend his complaint, it would still fail to state a claim for relief under Sec. 1983 against defendants Johnson and Rice.
 
 
 17
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The following parties were named as defendants to Hudgins' complaint: Charles B. Miller, Superintendent at CIC; Robin Koopman, Correctional Officer at CIC; Jim Johnson, Chief Engineer at CIC; Fred Rice, CIC Building Inspector; Three Rivers Aluminum Company ("Three Rivers"); and TRACO, a subsidiary of Three Rivers
 
 
 [2]
 Although Three Rivers and TRACO defaulted by failing to file a responsive pleading within 20 days of the filing of Hudgins' amended complaint, entry of default was set aside by the district court
 
 
 [3]
 Indeed, if the amended complaint and summons was not served upon an authorized agent of Three Rivers or TRACO, service would not have been proper under the Federal Rules of Civil Procedure. Fed.R.Civ.P. 4(h)(1). We note, however, that by failing to object to this alleged insufficiency of process and by submitting themselves to the jurisdiction of the district court, Three Rivers and TRACO have waived any claim that the district court was without personal jurisdiction over them. O'Brien, 998 F.2d at 1399
 
 
 [4]
 Hudgins cites two cases, Pena v. Seguros La Comercial, S.A., 770 F.2d 811 (9th Cir.1985) and Meadows v. Dominican Republic, 817 F.2d 517 (9th Cir.), cert. denied, 484 U.S. 976 (1987), in support of his claim that Three Rivers and TRACO did not have good cause for their default. In Pena, the Ninth Circuit held that default judgment was proper, despite the fact that the defendants did not have actual notice of the lawsuit--the defendants had been properly served and the lack of actual notice was the fault of the defendants. In Meadows, default judgment was proper because, although the defendants had not been properly served, the defendants had actual notice of the lawsuit. Here, Three Rivers and TRACO stated that they had neither been properly served nor had actual notice of the lawsuit